PER CURIAM.
On February 15, 1956, immediately following the issuance of the mandate in the case of State ex rel. Florida Bar v. Grant, Fla., 85 So.2d 232, this Court appointed a member of The Florida Bar as referee to conduct a hearing in Volusia County, Florida, as to the charges contained in the complaint against the respondent attorney as upheld by this Court in the foregoing opinion. The referee was ordered by this Court to take such testimony as should be offered by The Florida Bar and the respondent and, upon such hearings being concluded, to submit same to the Board of Governors of The Florida Bar with his findings of fact and his recommendations, all as provided by the integration rule of The Florida Bar, 1950, Article 11, 31 F.S.A., as amended. The referee was given the power to take depositions of witnesses, to issue subpoenas and to compel attendance of witnesses to give testimony under oath to be administered by the referee.
On June 3, 1957, the referee filed his report with the Board of Governors of The Florida Bar in which he made the following findings of fact and recommendations :
“Findings of Fact
“Counsel for the relator, The Florida Bar, has filed in this cause and has furnished to the Referee a copy of an instrument wherein it is recited that The Florida Bar is unable to produce at this time any evidence in support of the essential allegations contained in the amended complaint in this cause. Recognizing the uselessness of assembling all counsel at the place designated for the hearing in Volusia County, Florida, simply to have that announcement made by the relator, the Referee cancelled the hearing scheduled for June 3, 19-57 and notified counsel for the respective parties of the cancellation.
“In view of the announcement of the relator, it is obvious, of course, that the Referee can make but one *632 Finding of Fact. Accordingly, I find that the complainant has totally failed to sustain by any proof whatever, the charges and allegations made against the respondent in the amended complaint in this cause.
“Recommendation
“I recommend that the amended complaint against the respondent, W. Cecil Grant, be. dismissed for failure to prove the allegations of the amended complaint.”
Pursuant to the integration rule of The Florida Bar, 1950, as amended June 29, 1951, said findings and recommendations of the referee were transmitted to this Court by the Board of Governors of The Florida Bar with a written recommendation that “The Board of Governors of The Florida Bar recommended and concurred in the findings of the Referee.” It is, thereupon
Ordered that the respondent, W. Cecil Grant, a member of The Florida Bar, is hereby exonerated and discharged from the charges of unprofessional conduct described in the complaint in this cause and that said charges be and the same are hereby dismissed.
TERRELL, C. J., and THOMAS, HOBSON, ROBERTS, DREW, THOR-NAL and O’CONNELL, JJ., concur.